Stephanie Oblander
Smith Oblander & Meade, P.C.
104 2nd Street South, Suite 400
PO Box 2685
Great Falls, MT 59403-2685
Telephone: (406) 453-8144
steph@bigskylaw.com
*Attorneys for Defendant Allstate Fire And Casualty Insurance Co.*

FILED

OCT 05 2017

Clerk, U.S District Court
District Of Montana
Great Falls

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JACOB NOTT-PARKER, | ) |
| | ) Cause No. CV-17-131-BLG-SPW-TJC |
| Plaintiff, | ) |
| vs. | ) |
| | ) **DEFENDANT ALLSTATE'S** |
| ALLSTATE FIRE AND CASUALTY | ) **NOTICE OF REMOVAL** |
| INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

COMES NOW, the Defendant, Allstate Insurance Co. ("Allstate"), by and through its counsel of record, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, gives notice of removal of the above-captioned action to the United States District Court for the District of Montana, Billings Division, and states that removal to the federal court is proper for the following reasons:

1.  On August 7, 2017, the Plaintiff, Jacob Nott-Parker, filed a Complaint in the

Defendant Allstate's Notice Of Removal - Page 1

Montana Twenty-Second Judicial District Court, Carbon County, Montana, Cause No. DV-17-76, seeking damages against Allstate. A true and correct copy of the Plaintiff's Complaint is attached hereto as Exhibit 1 and incorporated herein by reference. Plaintiff seeks compensatory damages, his attorney fees, and damages pursuant to Montana's Unfair Trade Practices Act ("UTPA"), namely § 33-18-242, Mont. Code Ann., which allows for recovery of punitive damages. Exhibit 1, ¶¶ 4-20, p. 4.

2. The Complaint was served by delivering the Complaint and Summons to the office of the Montana Commissioner of Securities and Insurance ("Insurance Commissioner"), pursuant to § 33-1-601 et seq, Mont. Code Ann. A true and correct copy of the Summons served is attached hereto as Exhibit 2. Plaintiff's counsel transmitted a Notice of a Lawsuit And Request To Acknowledge And Waive Service Of A Summons dated September 11, 2017, to the Insurance Commissioner's office on behalf of Allstate. The Insurance Commissioner's office mailed a copy of the Complaint and Summons to Allstate indicating that on September 13, 2017, the Insurance Commissioner received service of process on behalf of Allstate. The chief legal counsel for the Insurance Commissioner's office signed an Acknowledgement And Waiver of Service Of Summons document dated September 14, 2017. A true and correct copy of the Insurance Commissioner's letter and Acknowledgement And Waiver Of Service Of A Summons are attached hereto as Exhibit 3.

3. The Complaint, Summons, Insurance Commissioner's letter and Acknowledgement And Waiver Of Service Of A Summons acknowledging service on behalf of Allstate constitute the documents reflecting service of process on Allstate. Allstate has not yet filed its answer to the Complaint.

4. Pursuant to MCA § 33-1-603(2) and 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of service of the Complaint and Summons on Allstate.

5. Plaintiff, Jacob Nott-Parker, is now, and was at the time of the filing of the Complaint, a resident of Carbon County, Montana, and a citizen of the State of Montana. *See,* Exhibit 1, ¶ 1.

6. Allstate is now, and was at the time of the filing of the Complaint, a citizen of the State of Illinois. Allstate is incorporated under the laws of the State of Illinois and has its principal place of business in Northbrook, Illinois.

7. The parties to this action are citizens of different states and such diversity of citizenship satisfies the diversity of citizenship requirements set forth in 28 U.S.C. § 1332(a)(1).

8. Plaintiff's claims against Allstate include a claim for underinsured motorist ("UIM") benefits under a policy of insurance issued to "Wayne Nott CO Laura Nott-Parker," Policy # 087 165 027 ("the Policy"). Plaintiff asserts that on October 10, 2014, he was injured in an automobile accident and received an offer from the

tortfeasor's insurer, State Farm, to pay the bodily injury liability limits. Exhibit 1, ¶¶ 4-10.

9. A copy of the Policy's declarations pages is attached hereto as Exhibit 4 and reflects that, at the time of the accident, two vehicles were insured under the Policy for uninsured motorist coverage with $25,000.00 per person/ $50,000.00 per accident limits. An "uninsured auto" is defined under the Policy as including an auto covered by a bond or insurance policy, but the limits are less than the amount an insured person is legally entitled to recover. Thus, the Policy definition of uninsured auto includes an automobile that is underinsured. The Plaintiff alleges that the tortfeasor causing October 10, 2014, accident had insufficient insurance to compensate Plaintiff for his accident related injuries.

10. Separate premium is charged for uninsured motorist coverage under the Policy. Exhibit 4. Under *Hardy v. Progressive Specialty Ins. Co.*, 67 P.3d 892 (Mont. 2003), the uninsured/UIM motorist coverages on the two vehicles are stackable. The Policy's combined, stacked coverages for uninsured/UIM coverage is $50,000.00 per person and $100,000.00 per accident.

11. In addition to seeking full available UIM benefits under the Policy and Plaintiff's attorney fees (Exhibit 1, ¶ 20), Plaintiff asserts he has suffered damages as a result of Allstate's handling of his claim, and is bringing a UTPA action against Allstate under MCA § 33-18-242. Exhibit 1, ¶ 18. Plaintiff alleges he suffered serious

injuries which include injury to his cervical spine, a traumatic brain injury, occipital neuralgia, vertigo, past wage loss, past medical expenses, and he is seeking recovery against Allstate for "all" of his "injury, damages, and losses." Exhibit 1, p. 4, ¶¶ 6-9.

12. Section 33-18-242, Mont. Code Ann., allows for recovery of a claimant's actual damages and exemplary or punitive damages. Thus, the damages at issue and asserted in Plaintiff's Complaint are the full available UIM benefits, Plaintiff's attorney fees, and punitive damages. The amount in controversy for diversity jurisdiction purposes includes the amount of damages in dispute, including punitive damages and attorney fees. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (attorney fees).

13. On August 24, 2017, Plaintiff's counsel made a verbal settlement demand upon Allstate to settle Plaintiff's claim for $94,000.00. Attached hereto as Exhibit 5 is the Affidavit of Allstate claims representative Caitlan Gilliland, who discussed Plaintiff's settlement demand with Plaintiff's counsel.

14. Plaintiff's settlement demand is relevant in determining the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The Court is not confined to the face of Plaintiff's Complaint in determining whether the amount in controversy requirement for diversity purposes has been satisfied; rather, the Ninth Circuit approves considering summary judgment type evidence in determining whether the amount in controversy is satisfied. *Valdez v. Allstate Ins. Co.*, 372 F.3d

1115, 1116 (9th Cir. 2004); *Cohn*, 281 F.3d at 840.

15. Allstate need not demonstrate to a legal certainty that the amount in controversy is met; rather, Allstate need only demonstrate through plausible allegations that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 135 S. Ct. 547, 554 (2014). Damages for alleged unfair claim practices are difficult to quantify and are typically left to the jury's discretion. *See, e.g., Cartwright v. equitable Life Assurance Society of the U.S.*, 914 P.2d 976 (Mont. 1996).

16. Attached as Exhibit 6 is a brief summary of verdicts in bad faith and unfair claims practices matters in Montana which reveals that juries can award verdicts well in excess of the $75,000 jurisdictional minimum. In some cases, the punitive damages award was as high as 40-144 times the compensatory awards.

17. The amount in controversy exceeds the jurisdictional threshold of $75,000.00 given Plaintiff's assertion of compensatory damages, attorney fees, and alleged UTPA damages under MCA § 33-18-242 which include exemplary damages, and further given Plaintiff's settlement demand of $94,000.00.

18. This action is a civil action which may be removed by Allstate to the United States District Court for the District of Montana, Billings Division, pursuant to 28 U.S.C. §§ 1332 and 1441. The United States District Court has original jurisdiction over this cause.

19. Within seven (7) days of the filing of this Notice, Allstate will provide a copy of the Notice with the Clerk of District Court of the Montana Twenty-Second Judicial District Court, as required by Local Rule 3.3(a) of the United States District Court for the District of Montana.

20. Allstate will promptly provide written Notice of Removal to counsel for the Plaintiff in accordance with 28 U.S.C. § 1446(d). Allstate will promptly file its Answer to the Plaintiff's Complaint with this Court.

21. Under the provisions of 28 U.S.C. §§ 1332, 1441, 1446, and other applicable statutes, all of which Allstate has complied with, this cause is removable to the United States District Court, for the District of Montana, Billings Division.

WHEREFORE, Defendant Allstate gives notice that Cause No. DV-17-76, formerly pending in the Montana Twenty-Second Judicial District Court, has been removed to the United States District Court for Montana.

Respectfully submitted this 5th day of October, 2017.

Smith Oblander & Meade, PC

*Stephanie Oblander*
Stephanie Oblander
P.O. Box 2685
Great Falls, Montana 59403-2685
Phone: (406) 453-8144
Fax: (406) 453-8144
Email: steph@bigskylaw.com
*Attorneys for Defendant Allstate*

## CERTIFICATE OF SERVICE

I, Stephanie A. Oblander, of the law firm of Smith Oblander & Meade, P.C., do hereby certify that on the 5th day of October, 2017, I caused to be served the foregoing document in the above matter this date to:

| | |
|---|---|
| _1_ | CM/ECF |
| ___ | Hand delivery |
| _2_ | Mail |
| ___ | Overnight delivery service |
| ___ | Fax |
| ___ | Email |

1. Clerk of US District Court
2. Shane Colton
   Jacyln Laferriere
   Edmiston & Colton
   310 Grant Ave.
   Billings, MT 59101

*Stephanie Oblander*
Stephanie Oblander
P.O. Box 2685
Great Falls, Montana 59403-2685
Attorneys for Allstate Fire & Casualty Ins. Co.